1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10

11    PATRICIA ANN CROCKETT, an                No. 2:23-cv-01562-TLN-KJN
      individual,
12
                        Plaintiff,
13                                             **ORDER**

      v.
14
      WAL-MART ASSOCIATES, INC., a
15    Delaware corporation and DOES 1 through
      20, inclusive,
16
                        Defendants.
17

18

19          This matter is before the Court on Plaintiff Patricia A. Crockett's ("Plaintiff") Motion to

20    Remand.  (ECF No. 9.)  Defendant Wal-Mart Associates, Inc. ("Defendant") filed an opposition.

21    (ECF No. 11.)  Plaintiff did not file a reply.  For the reasons set forth below, the Court DENIES

22    Plaintiff's motion.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

                                                1

1  **I.   FACTUAL AND PROCEDURAL BACKGROUND**

2  This action concerns an employment dispute between the parties.  On or about June 28,

3  2016, Defendant employed Plaintiff as a cashier at Defendant's Wal-Mart store in Fairfield,

4  California.  (ECF No. 1-2 at 10, 13.)  In 2021, Plaintiff was injured while working and then

5  placed on modified work duty.  (*Id.* at 13.)  In November 2021, Plaintiff moved to temporary

6  disability status and remained on disability leave until her alleged wrongful termination on or

7  about September 15, 2022.  (*Id.*)

8  On June 20, 2023, Plaintiff filed this action in Solano County Superior Court and asserted

9  the following seven causes of action: (1) discrimination in violation of California's Fair

10  Employment and Housing Act, Cal. Gov't Code § 12490, *et seq.* ("FEHA"); (2) retaliation in

11  violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4)

12  failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in a

13  good-faith interactive process in violation of FEHA; (6) wrongful termination in violation of

14  public policy; and (7) for declaratory judgment.  (ECF No. 1-2 at 9.)

15  On July 28, 2023, Defendant removed this action to this Court based on diversity

16  jurisdiction pursuant to 28 U.S.C. § 1332(a).  (ECF No. 1.)  On August 25, 2023, Plaintiff filed

17  the instant motion to remand this action to the Superior Court of Solano County.  (ECF No. 9.)

18  **II.   STANDARD OF LAW**

19  A civil action brought in state court, over which the district court has original jurisdiction,

20  may be removed by the defendant to federal court in the judicial district and division in which the

21  state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction

22  over civil actions between citizens of different states in which the amount in controversy exceeds

23  $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of

24  proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest*

25  *Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).

26  Diversity requires the citizenship of each plaintiff to be diverse from the citizenship of

27  each defendant (i.e., complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  For

28  purposes of diversity, a corporation is a citizen of any state in which it is incorporated and any

1   state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).

2   The amount in controversy is determined by reference to the complaint and includes the

3   amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract.

4   *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not

5   pray for damages in a specific amount, the defendant must prove by a preponderance of the

6   evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins.*

7   *Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  If the amount is not facially apparent from the complaint,

8   the court may "require parties to submit summary-judgment-type evidence relevant to the amount

9   in controversy at the time of removal."  *Id.* at 377.

10   Removal statutes are to be strictly construed against removal.  *Gaus v. Miles, Inc.*, 980

11   F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to

12   the right of removal in the first instance."  *Id.*  The strong presumption against removal

13   jurisdiction means the defendant always has the burden of establishing removal is proper, and the

14   court resolves all ambiguity in favor of remand to state court.  *Hunter v. Philip Morris USA*, 582

15   F.3d 1039, 1042 (9th Cir. 2009).  "If at any time before final judgment it appears that the district

16   court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C.

17   § 1447(c).

18   **III.   ANALYSIS**

19   In the instant motion, Plaintiff does not argue removal is inappropriate based upon

20   diversity of citizenship.  (ECF No. 9 at 6.)  Instead, Plaintiff contends this case must be remanded

21   because: (1) Defendant did not provide sufficient evidence within its Notice of Removal to

22   support its amount in controversy allegation; and (2) Defendant's calculations fail to demonstrate

23   that Plaintiff's damages exceed $75,000.  (*Id.*)  In opposition, Defendant argues it has sufficiently

24   demonstrated the amount in controversy in this action exceeds $75,000.  (ECF No. 11 at 17.)  The

25   Court will address Plaintiff's arguments in turn.

26   ///

27   ///

28   ///

1          A.      Removal Pleading Standard

2          Plaintiff argues Defendant's removal is deficient because Defendant did not provide

3  sufficient evidence to support how Plaintiff's potential damages exceed $75,000.  (ECF No. 9 at

4  10–12.)  Defendant disagrees and argues its "Notice of Removal satisfies the *Dart* pleading

5  standard."  (ECF No. 11 at 7.)

6          The Court agrees with Defendant.  "[A] defendant's notice of removal need include only a

7  plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

8  *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  In Defendant's Notice of

9  Removal, Defendant stated it "conservatively estimates the amount in controversy to be at least

10 $59,408.64 in economic damages, $50,000 in emotional stress damages, and $30,000 in

11 attorney's fees — totaling $139,408.64 which is well in excess of $75,000 . . . ."  (ECF No. 1 at

12 14.)  Moreover, for each for alleged damages, Defendant provides a brief description of how it

13 arrived at its calculation and legal authority it argues supports its calculation.  (*See id.*)  The Court

14 finds these allegations are more than sufficient for the purposes of the removal petition.  *See Dart*

15 *Cherokee*, 574 U.S. at 88–89 ("Defendants do not need to prove to a legal certainty that the

16 amount in controversy requirement has been met.").  Thus, the Court DENIES Plaintiff's motion

17 on the grounds that Defendant's Notice of Removal is deficient because it did not include

18 evidence of the amount in controversy.

19         B.      Amount in Controversy

20         Plaintiff also argues removal is improper because the amount in controversy in this action

21 does not exceed $75,000.  (ECF No. 9 at 12.)  In opposition, Defendant argues the amount in

22 controversy exceeds $75,000 based on Plaintiff's individual damages for: (1) $27,626.24 of back

23 pay; (2) $31,782.40 of future pay; (3) $30,000 of attorneys' fees; and (4) $25,000 of emotional

24 distress, which amounts to $114,408.64.  (ECF No. 11 at 17.)

25         When "a defendant's assertion of the amount in controversy is challenged . . . both sides

26 submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-

27 controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 89.  The parties may

28 submit evidence outside the complaint including affidavits or declarations or other "summary-

4

1    judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*,

2    116 F.3d at 376.  When the defendant relies on a chain of reasoning that includes assumptions to

3    satisfy its burden of proof, the chain of reasoning and the underlying assumptions must be

4    reasonable, and not constitute mere speculation and conjecture. *Ibarra v. Manheim Investments,*

5    *Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Then, "the district court must make findings of

6    jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 574 U.S. at 89

7    (internal citation and quotation marks omitted).  If "the evidence submitted by both sides is

8    balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199.

9                                       *i.  Lost Wages*

10         In the Complaint, Plaintiff alleges "as a result of Defendants' actions, Plaintiff has

11   suffered and will continue to suffer general and special damages, including . . . past and future

12   lost wages and benefits."  (ECF No. 1-3 at 11.)  Defendant asserts "a reasonably conservative

13   calculation of Plaintiff's lost wages claim exceeds the jurisdictional minimum of $75,000."  (ECF

14   No. 11 at 8.)  Specifically, Defendant "estimates Plaintiff's back-pay claim, from the date of

15   termination to the date of removal, to be $27,626.24, with front-pay (one year only) to be

16   $31,782.40, or alternatively (four years) to be $127,129.60."  (*Id.*)

17         Damages for lost wages can include both back and front pay.  *Arauz v. MAC Cosms., Inc.*,

18   No. 2:22-cv-01663-MCE-KJN, 2023 WL 3293336, at *2 (E.D. Cal. May 5, 2023) (citing

19   *Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1140 (N.D. Cal. 2016)).  Back pay is

20   lost wage damages through the time of trial, while front pay is a measure of damages for loss of

21   future income. *Id.*

22         In the instant case, Defendant calculates Plaintiff's potential back pay damages to be

23   $27,626.24 based upon "Ms. Crockett alleg[ing] she was a full-time employee" who "was earning

24   $15.28 per hour" for "40 hours a week" until she was terminated on September 15, 2022.  (ECF

25   No. 1 at 9–10.)  Plaintiff claims "Defendant fails to provide any evidence whatsoever as to how it

26   determined that Plaintiff would reasonably have been expected to work full-time 40-hour weeks

27   during that time period."  (ECF No. 9 at 12–13.)

28   / / /

                                             5

1          Plaintiff's arguments are contradicted by a declaration from Defendant's Human

2    Resources Manager who confirmed Plaintiff worked "on average 40 hours per week" while

3    employed with Defendant.  (ECF No. 13 at 2.)  Additionally, within the Complaint, Plaintiff

4    concedes she was a "full-time" employee.  (ECF No. 1-2 at 13.)  Based upon this evidence, the

5    Court finds it is more likely than not true that Plaintiff worked on average 40 hours per week for

6    Defendant and her average monthly wage was $2,444.80.[1]

7          To calculate the relevant period for Plaintiff's back pay damages, district courts in this

8    Circuit find plaintiffs are entitled to back pay from the date of termination to trial.  *Id.*  "[W]hen

9    the date of trial is not set, courts have found one year from the date of removal to be a

10    conservative trial date estimate."  *See, e.g.*, *Beltran v. Procare Pharmacy, LLC*, No. 2:19-cv-

11    08819-ODW (RAOx), 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020).  In the instant case, the

12    relevant period would be twenty-two months.[2]  (*See* ECF No. 1.)  Multiplying Plaintiff's monthly

13    wage of $2,444.80 by twenty-two months results in a total of $55,785.60 for Plaintiff's back pay

14    damages.

15          With regards to Plaintiff's alleged damages for front pay, when a "plaintiff claims at the

16    time of removal that her termination caused her to lose future wages, and if the law entitles her to

17    recoup those future wages if she prevails, then there is no question that future wages are at stake

18    in the litigation."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).  In the

19    Complaint, Plaintiff alleges she is entitled to future wages.  (ECF No. 1-2 at 14.)  Defendant

20    calculates Plaintiff's front pay damages to be $127,129.60.  (ECF No. 11 at 9.)  To reach this

21    figure, Defendant estimated Plaintiff would have continued working for an additional four years

22    until she reached retirement at 65.  (ECF No. 11 at 9.)

23          However, given Plaintiff does not expressly seek four years of front pay damages in her

24    Complaint — nor any amount for that matter — Defendant's conjecture that Plaintiff could seek

25

---

[1]    $15.28 (per hour) x 160 hours = $2,444.80.

26

[2]    Pursuant to *Beltran*, an estimated trial date would be 12 months from the date of removal,

27    which falls on July 28, 2024.  2020 WL 748643, at *3; (ECF No. 1.)  The time between Plaintiff's
last day of work on September 15, 2022, and the estimated trial date of July 28, 2024, is

28    approximately 22 months.

1    or would be entitled to four years of front pay damages is insufficient to meets its burden. *Paris*

2    *v. Michael Aram, Inc.*, No. 2:18-cv-00067-PA (SKx), 2018 WL 501560, at *2 (C.D. Cal. Jan. 22,

3    2018); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1144 (E.D. Cal. 2018) (holding

4    front pay to be "speculative and insufficient" because the complaint did not "expressly seek two

5    years of front pay"). Thus, the Court will not consider front pay in determining the amount in

6    controversy in this action.

7                                    *ii. Attorneys' Fees*

8         Defendant also argues the Court should include future attorneys' fees in the amount in

9    controversy. (ECF No. 11 at 14.) Plaintiff disagrees and argues future attorneys' fees should not

10   be included in the amount in controversy because they are inherently speculative. (ECF No. 9 at

11   15.) However, in the Ninth Circuit, where an underlying statute authorizes an award of attorneys'

12   fees, "such future attorneys' fees are at stake in the litigation, and must be included in the amount

13   in controversy." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir.

14   2018). In the instant case, Plaintiff seeks attorneys' fees pursuant to the FEHA. (ECF No. 1-2 at

15   27.) The FEHA provides "in actions brought under this section, the court, in its discretion may

16   award to the prevailing party reasonable attorneys' fees and costs." Cal. Gov't Code § 2965(b).

17        Any reasonable calculation of attorneys' fees must comport with the preponderance of the

18   evidence standard. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D.

19   Cal. 2010). District courts in the Ninth Circuit "have held that a reasonable rate for employment

20   cases is $300 per hour and 100 hours is an appropriate and conservative estimate of the number of

21   hours expended through trial for an employment action." *Adkins*, 293 F. Supp. 3d at 1148 (citing

22   *Sasso v. Noble Utah Long Beach, LLC*, Civ. No. 14-9154-AB AJWX, 2015 WL 898468, at *6

23   (C.D. Cal. Mar. 3, 2015)).

24        Applying *Adkins*, the Court finds a reasonable rate for the instant action is $300 per hour

25   and 100 hours to be an appropriate estimate of hours. Therefore, a reasonable estimate of

26   Plaintiff's attorneys' fees is $30,000 (100 hours [hours estimate] × $300 [rate per hour]).

27        Because the awards for back pay and attorneys' fees are sufficient, the Court need not

28   address any additional amounts for compensatory and punitive damages. Accordingly, the Court

                                          7

1   finds Defendant has shown by a preponderance of the evidence that the amount in controversy in

2   this action exceeds \$75,000 (\$53,785.60 in back pay + 30,000 in attorneys' fees = \$83,785.60)

3   and thus, the Court has subject matter jurisdiction over this matter.

4        **IV.**    **CONCLUSION**

5        For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Remand.  (ECF

6   No. 9.)

7        IT IS SO ORDERED.

8   Date:  February 8, 2024

9

10

11   _____

     Troy L. Nunley

12        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28